### HIZZIE WHITMORE v. THE STATE.

No. 6732.   Decided March 8, 1922.

**Intoxicating Liquors—Possession—Sale Not Alleged.**

Failure to allege in the indictment that the possession of intoxicating liquors was for the purpose of sale makes the indictment fatally defective, and the judgment is reversed and the prosecution dismissed.

Appeal from the District Court of Morris.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of the unlawful possession of intoxicating liquors; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. H. French, Jr.,* and *Henderson & Bolin,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Morris County of the offense of possessing intoxicating liquor in violation of what is known as the Dean Law, and his punishment fixed at two years in the penitentiary.

By the terms of the amendment to the Dean Law enacted by the Second Called Session of the 37th Legislature in the summer of 1921, the possession of such liquor, in order to be punishable, must be shown by the indictment and proof to have been had for the purposes of sale. The indictment in the instant case does not contain such allegation. We have held that for failure to allege that the possession was for the purpose of sale, an indictment attempting to charge this offense is fatally defective. That being true in the instant case, the judgment must be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*